**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff<br><br>v.<br><br>TAKATA CORPORATION,<br>　　　　　　Defendant. | )<br>)<br>)　Case No. 16-CR-20810-04<br>)<br>)<br>)　Honorable Robert J. White<br>)<br>)<br>) |

## FIFTY-FIRST STATUS REPORT OF THE SPECIAL MASTER

1.　　　Eric D. Green, the court-appointed Special Master for the custody, administration, and distribution of the Takata Airbag Restitution Funds, hereby respectfully submits his Fifty-First Status Report pursuant to paragraph 4 of this Court's Appointment Order (the "Status Report").[1] The Status Report provides an overview of the Special Master's work from March 26, 2026 through June 8, 2026 (the "Reporting Period") and anticipated future efforts. The Special Master is presently on schedule regarding the processing of Claims and distribution of the restitution funds available to eligible Claimants who have filed Claims with the Individual Restitution Fund (the "IRF").

---

[1]　Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Fiftieth Status Report of the Special Master*, dated April 10, 2026 [Docket No. 235].

I.       **ACTIVITIES IN THE REPORTING PERIOD.**

A.       **APPROVAL OF THIRTY-SIXTH IRF DISTRIBUTION REQUEST.**

1.       On April 10, 2026, the Special Master filed the *Special Master's Request for Approval of Thirty-Sixth Distribution of Individual Restitution Fund* [Docket No. 234] (the "Thirty-Sixth IRF Distribution Request"), seeking Court-approval for: (i) a thirty-sixth distribution from the IRF to compensate eleven (11) eligible Claims, and (ii) the denial of three (3) ineligible Claim.

2.       Consistent with the procedures set forth in the Minutes of July 25, 2019 Conference with Special Master (the "July 2019 Minutes Order") [Docket No. 110], the Special Master notified the affected Claimants: (i) of their point award and the monetary value of the award (if any); (ii) of the filing of the Thirty-Sixth IRF Distribution Request; and (iii) that such Claimants may object to the Thirty-Sixth IRF Distribution Request by submitting a written response to the Special Master on or before May 4, 2026 (the "Objection Deadline").

3.       As the Court is aware, there are two conditions that must be met for Claimants with compensable Claims to receive payment from the IRF. First, all Claimants must execute and submit to the Special Master the Court-approved release agreement (a "Release"). Additionally, if any Claimant was represented by counsel, such counsel must execute and submit to the Special Master a fee rider (a "Fee

2

Rider") acknowledging and agreeing to abide by the restriction on attorney's fees set forth in the IRF Methodology Order. [Docket No. 78, Page ID 2219].

4.       On June 5, 2026, the Court entered an order granting the Special Master's Request. *See Order Granting Special Master's Request For Approval Of Thirty-Sixth Distribution Of Individual Restitution Fund* [Docket No. 236]. Accordingly, the Special Master will begin processing and making these payments, subject to the Modified Points Schedule and 2024 Point Value, on a rolling basis following receipt of the necessary documentation.

5.       Since the Thirty-Sixth Distribution Request, the Special Master has administered, reviewed, analyzed, and evaluated seven (7) additional Claims. As outlined in the Special Master's Thirty-Seventh Claim Approval Request filed contemporaneously herewith, the Special Master recommends denying one (1) of those claims as ineligible and approving six (6) of those claims for a combined amount of 5,750 points, amounting to a total distribution of $1,322,500.00.

## II.       **GOING FORWARD EFFORTS.**

### A.       **CLAIM EVALUATION AND PROCESSING EFFORTS.**

6.       The Special Master and his team continue to receive claims for compensation from the IRF and TATCTF (in his capacity as Trustee of that Trust) and will continue the process of reviewing, evaluating, and distributing funds on account of claims. The Special Master and his team will also continue to evaluate

the claims data and recall completion rate data in connection with any future point-value evaluations. The Special Master and his claims evaluation team remain committed to completing its initial evaluation of Claims within thirty (30) days of the Special Master's receipt thereof.

7.      Separately, and consistent with his ongoing oversight responsibilities, the Special Master is evaluating options to cause more affected inflators to get replaced, with the goal of ensuring that more of these vehicles are repaired or taken off the road.

8.      In connection with this effort, the Special Master is conferring with the U.S. Attorney's Office for the Eastern District of Michigan to identify what additional steps, if any, the Special Master may be able to take to further this objective, and whether any modification of the Special Master's Appointment Order may be warranted to effectuate such additional mitigation efforts. The Special Master will keep the Court apprised of further developments in this regard.

## **CONCLUSION**

9.      The Special Master will continue to perform his responsibilities and duties consistent with the Appointment Order and all other directives of this Court.

Dated: June 25, 2026

Respectfully submitted,

Eric D. Green, Special Master